UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLFI HERNANDEZ PEREZ,<br><br>Petitioner,<br><br>v.<br><br>TAE D. JOHNSON, et al.,<br><br>Respondents. | No.  1:26-cv-02485-DAD-EFB<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT<br><br>(Doc. Nos. 1, 2, 3, 4) |

On April 1, 2026, petitioner Rolfi Hernandez Perez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  Therein, petitioner alleges that he entered the United States in approximately 2014, and on or about January 21, 2026 he was taken into ICE custody without any warning, paperwork, or legitimate reason.  (*Id.* at 1–2.)  Petitioner seeks immediate release.  (*Id.* at 4.)  Also on April 1, 2026, petitioner filed a motion for temporary restraining order, a motion to appoint counsel, and a motion for an expedited ruling from this court.  (Doc. Nos. 2, 3, 4.)  On the same day, the court set a briefing schedule on the motion and directed respondents to substantively address whether any provision of law or fact in this case would distinguish it from this court's decision in *Quichimbo-Jimenez v. Warden, California City*

1

*Correctional Center*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026) or *Cardenas v. Chestnut*, et al., No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026).  (Doc. No. 6.)

On April 2, 2026, respondents filed an opposition to the motion for temporary restraining order.  (Doc. No. 8.)  Therein, respondents concede that they "agree that the factual and legal issues present here are not substantively distinguishable from such cases[.]"  (*Id.* at 2.) Respondents also state that they do not oppose the court resolving the merits of the petition based on the briefing currently before the court and do not request a hearing.  (*Id.* at 1.)

Pursuant to the reasoning as stated in *Quichimbo-Jimenez* and *Cardenas* and adopted here, the court will grant the petition for writ of habeas corpus.

For the reasons explained above:

1.  Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.  Respondents are ORDERED to immediately release petitioner, Rolfi Hernandez Perez, A#221489315, from respondents' custody;

    b.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2.  Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order granting his petition for habeas relief;

3.  Petitioner's motion to appoint counsel (Doc. No. 3) is also DENIED as having been rendered moot in light of this order granting his petition for habeas relief;

4.  Petitioner's motion to expedite (Doc. No. 4) is DENIED as having been rendered moot in light of this order granting his petition for habeas relief;

5.    The Clerk of the Court is directed to serve this order on the California City Corrections Center; and

6.    The Clerk of the Court is also directed ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:    **April 7, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3